THE PLANTERS' LOAN AND SAVINGS BANK *vs.* JOHNSON *et al.*

1. In 1858 and 1859 free persons of color were not permitted to buy or own real estate in the city of Augusta, nor could they acquire a beneficial interest therein ; and, therefore, a free person of color who then sought to purchase real estate, paid part of the purchase money, and took receipts stating that the payments were so made, acquired neither absolute title nor color of title, and could pass none to his heirs at his death.

2. Were this otherwise, the wife having received a deed in her own name after the death of the husband, and, after holding possession for a number of years, having sold to a *bona fide* purchaser without notice, he would acquire a good title as against the children of the decedent, who claimed under him by inheritance.

(*a.*) After one has sold realty to a *bona fide* purchaser without notice, that subsequently a suit is brought against the vendor for the recovery of such property will not affect the prior vendee, under the doctrine of *lis pendens;* nor would such action adversely affect a purchaser from such vendee, although such purchaser might have been chargeable with notice of the pending suit.

April 17, 1883.

Title. Contracts. Slaves. Notice. *Lis pendens.* Before Judge SNEAD. Richmond Superior Court. October Term, 1882.

Reported in the decision.

C. Z. McCord; J. S. & W. T. Davidson, for plaintiff in error.

Salem Dutcher, for defendants.

Crawford, Justice.

This case comes up upon the first grant of a new trial, and according to the uniform ruling of this court, the judgment awarding it will not be disturbed, unless the verdict was demanded under the law and the evidence. The plaintiff in error claims that this case falls clearly within the rule, and therefore insists that the judgment be reversed.

The suit was brought by the defendants in error, to recover three-fourths interest in a certain lot of land in the city of Augusta. They rest their title upon a parol purchase made by their father in 1858 or in 1859, with possession up to 1878, under color of title. This color of title consists of three receipts of one hundred dollars each, given "in part payment of a lot on Calhoun street, now occupied by Peter Johnson," and two others for twenty and twenty-five dollars, without designating for what the said amounts were paid. The three first were given in January, March and April, 1862, and the two last in June and September, 1865, aggregating $345, and leaving only $55 due, which the wife of Peter Johnson, and mother of the plaintiffs, claims to have paid out of the estate of the said Peter, after his death in February, 1866. At the time of this payment, to-wit: in October, 1866, a deed was made by Richard Maher, the vendor, to Martha A. Johnson, wife of the said Peter, and the mother of the plaintiffs. This deed was recorded October 6, 1866, and the mother and her said children continued to reside on the said lot until the year 1878.

The defendant below defended its title upon the ground that it was a *bona fide* purchaser for value, without notice

of the plaintiffs' claim, and held under a regular chain of title from the said Martha A. Johnson.

The testimony shows that the said Martha A. conveyed this lot to one Charles J. Denham, in January, 1876; deed properly recorded; consideration $700; he re-conveyed to her, in February, 1877, taking a mortgage to secure the payment of $414, with power to sell and convey title to purchaser; sale made pursuant to the power to J. W. Ratliff, with deed, January, 1878; then sale to C. J. Denham, August, 1878, with warranty deed by Ratliff; next deed from Denham to W. M. Wilkerson, June, 1878; and deed from Wilkerson to the defendant, February, 1880, all of which deeds were duly recorded.

It further appears that the said Peter Johnson was a free person of color, and that his children, the plaintiffs, brought suit June 30, 1879, against C. J. Denham, for three-fourths of the value of this lot, which suit was afterwards dismissed.

With the foregoing facts, and some others not material to be recited here, the jury, under the charge of the court, returned a verdict for the defendant, and the plaintiffs moved for a new trial, which was granted and the defendant excepted.

We think that the judge below erred in setting aside the verdict, and granting a new trial, because, under the law and evidence none other should have been rendered. The plaintiffs in this case claim title as the heirs at law of Peter Johnson, a free person of color, who, it is alleged, bought the land in controversy in 1858 or 1859, and held it for seven years under color of title. It will be seen, upon examination, that, at the time mentioned, free persons of color were not permitted to buy or own real estate in the city of Augusta.

The act of 1818 declares that persons of this class shall not be permitted to purchase or acquire any real estate, either by direct conveyance to themselves, or to any white person reserving the beneficial interest therein, by any

trust either written or parol, by any will or deed, or by any contract, agreement or stipulation, securing or attempting to secure to such free persons of color the legal title, or equitable or beneficial interest therein, but that all and singular such real estate shall be deemed and held to be wholly forfeited. It was further declared that all persons who should be concerned in covering or protecting such property, so as to secure, or attempt to secure, the legal or equitable title therein to a free person of color, con trary to the true intent and meaning of the act, should be liable to a penalty not exceeding one thousand dollars. See Cobb's Dig., 993.

In 1819, the foregoing clause in the act of 1818 was repealed as to all other parts of the state except the cities of Savannah, Augusta and Darien. *Ib.*, 995.

So that, as the law stood at the time of this pretended purchase, the ancestor of the plaintiffs could derive neither absolute nor color of title to any real estate in the city of Augusta, and consequently could pass none to his heirs.

2. Even if this were not so, and they could inherit from him, the record shows that Wilkerson, the feoffor of the defendant below, was a *bona fide* purchaser without notice of the claim now set up to this land. The possession and the title were both in Martha A. Johnson, in October, 1866, and remained so continuously for some twelve years, except as used by her to secure debts, when by deed she conveyed it away, and her feoffee conveyed it to Wilkerson, who afterwards conveyed it to the defendant.

It is sought, however, to bring notice home to these parties, by showing that the plaintiffs below brought suit in the superior court of Richmond county against Denham for the three-fourths value of this land, the declaration setting up substantially the same facts here relied upon. The complete answer to which is, that the purchase by Wilkerson was made before the said suit was brought, and of course the doctrine of *lis pendens* could not apply to him. And if it could not be made applica-

ble to him, he being an innocent purchaser without notice, the defendant, who was his feoffee with warranty, could not be affected adversely, although it might have been chargeable with notice of the pending suit. And this, because a recovery against the defendant would be nothing but a recovery against Wilkerson, its warrantor.

So that, under no view of the facts presented by this record, would the plaintiffs below be entitled to a recovery from this defendant of the land sued for, and the setting aside the verdict was error.

Judgment reversed.