BEATTY *et al. vs.* BENTON, executrix.

1. A deed, made in 1854, conveying a lot in the city of Augusta to a white person for the use of certain free persons of color, was void.
2. Where a free person of color, in possession of such a lot in 1854, having erected two houses upon it, left one moiety in possession of his wife and one in possession of his daughter, and the state never escheated the property until after the emancipation of slaves and the placing of free persons of color upon the same footing as white people, in regard to real property, this possession is good against the claim of all others; and a verdict and decree giving to each one her share was right.
3. The decree is the more equitable because the complainant paid one-half of the purchase money. Cases of this sort, under the anomalous condition of such property remaining in the possession of persons who could not formerly hold title thereto, should be adjudicated under broad views of natural equity.
(*a.*) There is nothing in the minor points made to change the result.

January 6, 1885.

Negroes. Title. Trusts and Trustees. Possession. Before Judge POTTLE. Richmond Superior Court. April Term, 1884.

To the facts stated in the decision it is only necessary to add the following:

This case was brought by Fanny Gardner against Frances Beatty *et al.* The jury found the following verdict:

"We, the jury, find for the complainant the exclusive right and fee simple title to that portion of said property now occupied by her."

Defendants moved for a new trial, which was refused, and they excepted. Pending the case in the Supreme Court, complainant died, and her executrix, who was also her sole legatee, was made a party in her stead.

SALEM DUTCHER; THOS. S. BEAN, for plaintiffs in error.

FOSTER & LAMAR, for defendant.

JACKSON, Chief Justice.

This is a bill filed by Fanny Gardner against Frances

Beatty and children, to settle her title to one-half of a lot in Augusta, occupied by her, while Frances occupied the other half. The lot was bought by Thomas Gardner, deceased, in 1854, and one-half the purchase money was paid by him, and the other half by complainant, who was his wife. Frances, the defendant, was the daughter by a former wife of deceased, and married Beatty afterwards. Up to that time, the lot was one, only one house being on it, then it became crowded, and was divided, and a house built for Beatty and wife, who occupied it ever since. All the parties were free persons of color before the war. When the purchase was made in 1854, a deed was taken to the property in the name of Robertson, trustee, a white person, to the use of Fanny and Frances for life, and then to the next of kin of Thomas Gardner. If that trust deed was valid when made, the complainant only had a life estate, and having died and left a will since this writ of error was brought, she and her testatrix now can take nothing. So that the verdict and decree being that she shall keep the half set apart to her in the division, and so long in her possession, is wrong, if that trust deed be operative.

1. Under the decision of this court, in *Swoll et al. vs. Oliver et al.*, 61 *Ga.*, 248, that deed, as the law of Georgia stood in 1854, was void. So in the *Planters' Loan and Savings Bank vs. Johnson et al.*, 70 *Ga.*, 302 (an Augusta case), the same point is decided emphatically, based on the act of 1818, Cobb's Digest, p. 993. Therefore the trust deed is out of the way.

2. When the law freed slaves in Georgia and put free persons of color, as to real property, on the same footing as whites, this lot, as divided, was in possession of these two colored women, a moiety with a house on it, erected by the husband and father, in possession of each. The primary element of title, possession, being thus in each, and the state never having escheated the property whilst the old law stood, this possession is good against the claim

of all others, and the verdict and decree giving each her several share is right.

3. The decree is all the more equitable, because complainant paid one-half of the purchase money. Cases of this sort, under the anomalous condition of such property remaining in the possession of a class of persons who could not formerly hold title thereto, should be adjudicated under broad views of natural equity.

There is nothing in the minor points made by the able and indefatigable counsel for plaintiffs in error which can unsettle the result which the above principles necessitate, we think, as the law of this case.

Judgment affirmed.